UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY ALEXANDER, | No. C 09-2210 MHP (pr) |
|     Plaintiff, | **ORDER OF DISMISSAL** |
|   v. | |
| DEPARTMENT OF CORRECTIONS SALINAS VALLEY PRISON, | |
|     Defendant. | |

Terry Alexander, an inmate at Salinas Valley State Prison, filed this pro se civil rights action under 42 U.S.C. § 1983. In his complaint, Alexander alleged that he had been pushed out of his wheelchair by another inmate, and that prison officials should not have allowed that inmate (who was in the enhanced outpatient program ("EOP") and serving a life sentence) to be on the yard. His complaint is now before the court for initial review pursuant to 28 U.S.C. § 1915A.

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. §1915A(a). The court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. §1915A(b)(1),(2).

There is an exhaustion problem in this action. "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies

as are available are exhausted." 42 U.S.C. § 1997e(a).  The State of California provides its inmates and parolees the right to appeal administratively "any departmental decision, action, condition or policy perceived by those individuals as adversely affecting their welfare."  See Cal. Code Regs. tit. 15, § 3084.1(a).  In order to exhaust available administrative remedies within this system, a prisoner must proceed through several levels of appeal: (1) informal resolution, (2) formal written appeal on a CDC 602 inmate appeal form, (3) second level appeal to the institution head or designee, and (4) third level appeal to the Director of the California Department of Corrections and Rehabilitation.  See id. § 3084.5; Woodford v. Ngo, 548 U.S. 81, 85-86 (2006); Barry v. Ratelle, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997). Nonexhaustion under § 1997e(a) is usually an affirmative defense, but a complaint may be dismissed by the court for failure to exhaust if a prisoner "conce[des] to nonexhaustion" and "no exception to exhaustion applies."  Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003).

      The materials submitted by Alexander plainly show he did not satisfy the requirement that he exhaust administrative remedies.  First, his form complaint was signed on May 14, 2009, the very date of the alleged attack, which shows that he did not have time to exhaust before filing this action.  Second, he stated on the form complaint that there was not an inmate grievance form at his prison, but the falsity of that statement is demonstrated by his other filings that attached inmate appeals forms that he used in the prison.  Third, the copy of his inmate appeals paperwork that he did file show that (a) he prepared his inmate appeal on May 27, 2009 (i.e., two weeks after he filed this action) and (b) the CDCR's inmate appeal branch  returned his inmate appeal to him on June 12, 2009 unprocessed because the appeal had not complied with the requirement that the inmate appeal had to receive a decision at the first and second level of review before it could be considered at the third level of review.  In short, the director's level decision was to return the inmate appeal for a procedural deficiency and did not reach the merits of the appeal.

      A prisoner cannot satisfy the PLRA's exhaustion requirement "by filing of an untimely or otherwise procedurally defective administrative grievance or appeal."  Ngo, 548 U.S. at

2

1  83-84.  The PLRA exhaustion requirement requires proper exhaustion.  <u>Id.</u> at 84, 93.  A
2  prisoner must complete the administrative review process in accordance with the applicable
3  procedural rules, including deadlines, as a precondition to bringing suit in federal court.  See
4  <u>id.</u> at 90-91.  Alexander did not.  His untimely appeal did not satisfy the requirement that he
5  exhaust administrative remedies before filing his action in federal court.  For the foregoing
6  reasons, this action is DISMISSED without prejudice to him filing a new action after he
7  exhausts his administrative remedies.

8  The dismissal of this action also makes moot plaintiff's motion for injunctive relief in
9  which he requested early release from prison because he is ill and because of the above-
10 mentioned assault which he attributed to overcrowding in the prison system.  The motion for
11 injunctive relief is DENIED. (Docket # 6.)

12 The clerk shall close the file.

13 IT IS SO ORDERED.

14 Dated: September 15 2009                              _____
                                                         Marilyn Hall Patel
15                                                       United States District Judge